The next case on the calendar is Miller v. Carrasquilla. Good morning, your honors, may it please the court. My name is Josephine Miller. I am the plaintiff in this matter, the attorney involved in the disciplinary proceedings that are the basis for this complaint. This country within just the last several months has seen an awakening as it relates to the issue of racial injustice. This case is essentially about the same matter. That is that racial injustice is very pervasive in this country and that is no less true as it relates to attorney discipline issues. The United States Supreme Court as early as 1963 in a case called NAACP v. Button recognized that the use of attorney discipline procedures could not be used in a manner that would result in racial discrimination against attorneys because it had previously decided in a line of cases such as Square v. Board of Bar Examiners, Tonigsburg v. State Bar Association, it had been recognized that states may not use the guise of prohibiting professional misconduct by ignoring constitutional rights. This case is about multiple efforts on my part to bring to the attention of the disciplinary authorities in the state of Connecticut that indeed racial discrimination was and continues to be applied in terms of discipline of attorneys. These efforts have been met with repeated rejection almost as if it is believed that racial discrimination and bias cannot conceivably happen in the context of attorney discipline. In the brief I cited to a recent decision of the Connecticut, excuse me, the California Bar Authorities in which they found that by reviewing 28 years of discipline to attorneys that there was at least a three to four time probability of attorneys, black attorneys being disciplined as compared with their white colleagues. The difference is that the state of California has been dealing honestly with that fact unlike the state of Connecticut. This case is about repeated attempts to bring to light the disparity in discipline of attorneys such as myself. This matter started out as a Monell claim wherein it was alleged that there has been a pattern and practice of discrimination, more harsh discipline being meted out to African American attorneys. Ms. Miller, can I ask was there a Monell claim in the amended complaint? There was. The reason why we are faced with only me bringing the appeal at this point is because the other named plaintiff in the case, Rebecca Johnson, who is an African American female who's now been suspended, not disbarred, but suspended for 16 years was also a plaintiff. But at the point that I became suspended myself by the state of Connecticut disciplinary authorities, then I could no longer represent her interest. But the case started out as a Monell claim wherein I was representing my interest as well as hers. But because of my current suspension now for two years, I was unable to press her case, her claims. Nevertheless, the facts remain the same that show this pattern and practice of African American attorneys being disciplined more harshly for the same. And in some instances, more egregious conduct by white attorneys. Ms. Miller, you've reserved one minute of rebuttal time. Would you wanna use it now or after we hear from the appellee? Well, I guess the question is whether appellee's attorney is on the line because prior to starting this, he had not appealed. I'm on the line, I'm on the line, Your Honor. Okay, in that event, then I will reserve my one minute after we hear from Attorney Scold. Thank you. Good morning, Your Honors. May it please the court. I'm Assistant Attorney General Michael Scold and I represent the defendant in this appeal. Your Honors, the only question that's before the court is whether the district court properly denied plaintiff's motion for relief under Rule 60. And the district court did not or did properly deny that motion for a number of reasons, including that it was untimely, it was improperly based on post-judgment conduct by non-parties, the purported new evidence has nothing to do with the grounds for dismissal upon which the district court relied when it dismissed the plaintiff's case and it would not have changed the district court's ruling in any way. And really at bottom, the motion is nothing more than an improper attempt to re-litigate substantive claims that already have been rejected by the state and federal courts on no less than seven occasions. All of these grounds are fully addressed in my brief and unless the court has any questions, I'll rely on my brief. Thank you. Thank you. Ms. Miller. Okay. Defendants in this case have repeatedly argued that the underlying issue of race discrimination has been resolved repeatedly. The fact is that the merit of that claim has never been addressed because various procedural means have been used to not have those issues urged. In Miller one, the matter was dismissed under the Younger Doctrine based upon the state of Connecticut affirmation that there was a process by which the constitutional claims could be heard. They were disingenuous, outright dishonest in that regard. This is why the Rule 60B motion was filed on the basis that while Connecticut was contending that there was a process for those constitutional claims to be heard, they never really intended that to be the case. That did not become apparent until the decision from the presentment judge in which he clearly stated on multiple occasions that the constitutional issues were not properly raised in the context of a presentment matter. The absolute contradiction to what had been argued that caused the case to be initially dismissed. It is my position that the state of Connecticut has not provided that basis for a constitutional claim to be heard in the context of attorney discipline and that the matter should be remanded to the district court for that purpose. Thank you. Thank you both. And we will take the matter under advisement. Thanks for your patience. Last case on the calendar. That was the last case on the calendar. So I'll ask the clerk to adjourn court. Court stands adjourned.